UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CINDY COLBERT CONRAD, | ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) Civil Action No. <br> ) 16-12524-FDS <br> ) |
| CALIBER HOME LOANS, INC.; <br> U.S. BANK TRUST, N.A., as trustee for <br> LSF9 MASTER PARTICIPATION <br> TRUST; and JONATHAN CODY, | ) <br> ) <br> ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

## MEMORANDUM AND ORDER ON MOTION FOR SUMMARY JUDGMENT

SAYLOR, J.

This is an action alleging unlawful foreclosure and destruction of property. In December 2013, plaintiff Cindy Colbert Conrad defaulted on a loan secured by a mortgage on her home. In September 2016, the mortgagee, U.S. Bank Trust, N.A., as trustee for LSF9 Master Participation Trust, ("U.S. Bank") conducted a foreclosure sale. Conrad has brought five counts under state and federal law against U.S. Bank and the loan servicer, Caliber Home Loans, Inc., alleging that the foreclosure sale was unlawful and seeking to enjoin the transfer of the property. She has brought a sixth count for destruction of property against Jonathan Cody, the ultimate purchaser of the property.

Prior to any discovery taking place, defendants U.S. Bank and Caliber moved for summary judgment. For the following reasons, the motion for summary judgment will be granted, and the Court will remand the remaining claim against Cody *sua sponte* to state court.

I.   **Background**

On August 25, 2005, Cindy Colbert Conrad executed a mortgage for $350,000 on her home located at 25 Curtis Road in Boxford, Massachusetts ("the property"). (*Id.* ¶ 4).[1] The mortgage secured a note to Monument Mortgage Company, Inc. (Def. SMF ¶ 1). U.S. Bank is the current mortgagee. (*Id.* ¶ 2). Defendant Caliber Home Loans, Inc., is the servicer for the mortgage loan. (Mansi Aff., Ex. G). According to the complaint, Jonathan Cody was the ultimate potential purchaser following the foreclosure sale. (Compl. ¶ 17).

   A.   **Foreclosure Claims**

The mortgage designated Cindy Conrad as the borrower; Monument Mortgage Company, Inc. as the lender; and the Mortgage Electronic Registration Systems, Inc. ("MERS") as the mortgagee and nominee for Monument and its successors and assigns. (Mansi Aff., Ex. C at 1). On January 17, 2013, MERS assigned the mortgage to Wells Fargo Bank, N.A. (*Id.* Ex. D). On April 25, 2016, Wells Fargo assigned the mortgage to U.S. Bank. (*Id.* Ex. E).

The note includes an allonge dated August 25, 2005. (*Id.* Ex. B). The allonge endorses the note from Monument to Ohio Savings Bank. Robert Diamond, an authorized agent of Ohio Savings Bank, then endorsed the note in blank. (*Id.*). On August 25, 2015, U.S. Bank took possession of the note through its document custodian, Wells Fargo. (Def. SMF ¶ 2). U.S. Bank has continuously possessed the note since that date through its custodian. (*Id.*).

On December 1, 2013, Conrad defaulted on the loan. (*Id.* ¶ 7). On January 30, 2015, Wells Fargo, the prior loan servicer, sent a 150-day right-to-cure notice to Conrad at the property by certified and first-class mail. (*Id.* ¶ 8; Mansi Aff. ¶ 14, Ex. F). Conrad did not cure the default. (Def. SMF ¶ 9).

---

[1] Plaintiff has not filed a response to defendants' statement of material facts. Under Local Rule 56.1, any unopposed statement made in a statement of material facts is "deemed for purposes of the motion to be admitted."

On June 14, 2016, Caliber, acting pursuant to a limited power of attorney, recorded an affidavit certifying compliance with Mass. Gen. Laws. ch. 244, §§ 35B and 35C in the Southern Essex County Registry of Deeds. (Mansi Aff., Ex. G). The power of attorney authorized Caliber to, among other things, "[d]emand, sue for, recover, collect and receive each and every sum of money, debt, account and interest . . . belonging to or claimed by [U.S. Bank], and to use or take any lawful means for recovery by legal process or otherwise." (*Id.* Ex. A).

The complaint alleges that on September 12, 2016, Harmon Law Offices conducted a foreclosure sale of the property on behalf of U.S. Bank. (Compl. ¶ 14). It further alleges that a "Memorandum of Terms and Conditions of Sale" was executed in favor of Siddharth Gehlot for a purchase price of $382,000. (*Id.* ¶ 15). According to the complaint, Gehlot's bid was ultimately assigned to defendant Jonathan Cody. (*Id.* ¶¶ 16–17).

### B. Destruction of Property Claim

The complaint alleges that on October 17, 2016, Cody requested that Conrad allow workers onto the property to "do some 'yard work.'" (Compl. ¶ 56). Conrad consented to allow workers to trim the grass and shrubs. (*Id.* ¶ 57). She was away from home while the work was being conducted and returned later to discover that the workers had removed "all of her shrubbery." (*Id.* ¶ 58). She contends that the workers' actions exceeded her authorization and seeks monetary damages for destruction of property. (*Id.* ¶ 60).

### C. Procedural Background

On November 22, 2016, plaintiff filed this action in Essex County Superior Court. The complaint alleges six counts. Counts One through Five are brought against U.S. Bank and Caliber. In substance, those counts allege that U.S. Bank and Caliber failed to follow proper procedures in foreclosing on the property. Counts One, Two, Four, and Five allege various state-

law claims. Count Three alleges a violation of the federal Fair Debt Collection Practices Act ("FDCPA").

On December 14, 2016, U.S. Bank and Caliber removed the action to this Court, with Cody's assent. The notice of removal asserts federal jurisdiction pursuant to 28 U.S.C. § 1331, as the complaint alleges a claim arising under the FDCPA. It does not provide any jurisdictional allegation concerning the state-law claims at issue in the case.

On February 8, 2017, prior to any discovery taking place, defendants U.S. Bank and Caliber moved for summary judgment as to Counts One through Five. On April 12, 2017, a hearing was held concerning the motion for summary judgment. At the hearing, plaintiff voluntarily dismissed Counts Two through Five, including the FDCPA claim. On April 13, 2017, the Court entered an order dismissing those counts. The remaining counts, One and Six, allege claims arising under state law.

## II. Analysis

### A. Jurisdiction

#### 1. General Principles

Before proceeding to the merits of the motion for summary judgment, the Court must first address the issue of subject-matter jurisdiction. Federal courts are courts of limited jurisdiction. "They possess only those powers granted by [the] Constitution and statute," and cannot adjudicate claims absent such power. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). Accordingly, "[t]he existence of subject-matter jurisdiction is never presumed." *Fafel v. DiPaola,* 399 F.3d 403, 410 (1st Cir. 2005) (quotations omitted). A federal court has an independent obligation to inquire, *sua sponte*, into its own subject-matter jurisdiction and to dismiss a claim if it finds that such jurisdiction is lacking. Fed. R. Civ. P.

12(h)(3); *McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004).

Such an inquiry is warranted here with respect to both remaining claims. Upon removal, defendants alleged that jurisdiction over this action is proper pursuant to 28 U.S.C. § 1331, which provides for jurisdiction over claims arising under federal law. The federal claim has now been dismissed. Under 28 U.S.C. § 1367, a federal court may exercise supplemental jurisdiction over a state-law claim that is "so related" to a federal claim that the two claims "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. The claims constitute part of the same "constitutional case" if they "derive from a common nucleus of operative fact" and the plaintiff "would ordinarily be expected to try them [both] in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966); *see also Pejepscot Indus. Park, Inc. v. Maine Cent. R. Co.*, 215 F.3d 195, 206 (1st Cir. 2000) (applying *United Mine Workers* to the context of 28 U.S.C. § 1367).

 2. **Count One**

Count One alleges a claim for wrongful foreclosure against U.S. Bank and Caliber arising under state law. The Court has supplemental jurisdiction over Count One because it derives from the same "common nucleus of operative fact" as the FDCPA claim, and therefore forms part of the same case or controversy.

However, as noted, the FDCPA claim was dismissed at the hearing concerning this motion. The dismissal of the lone federal claim in this case does not divest the court of jurisdiction to hear related state-law claims, but instead "sets the stage for an exercise of the court's informed discretion." *Roche v. John Hancock Mut. Life Ins. Co.,* 81 F.3d 249, 257 (1st Cir. 1996). In determining whether to retain jurisdiction over a state-law claim after all federal claims have been dismissed, courts consider "concerns of comity, judicial economy,

5

convenience, fairness, and the like." *Id.*

Here, those concerns point in somewhat different directions. On the one hand, dismissal of the federal claim occurred relatively early, prior to any discovery being taken, suggesting that the state court should dispose of the state-law claims. On the other hand, the foreclosure issues have been fully briefed and argued before this court, and it is relatively clear that plaintiff's claim lacks merit. Under the circumstances, remanding the remaining state-law claim would cause undue delay and would needlessly tax judicial resources. *See Sholley v. Town of Holliston*, 49 F. Supp. 2d 14, 22 (D. Mass. 1999) (*"*Where it is clear . . . that Plaintiff's state law claim would fail before the Massachusetts courts, judicial economy is well served by disposing of the claim on its merits."). Accordingly, the Court will exercise its discretion to retain jurisdiction over the claims brought by Count One of the complaint.

### 3. Count Six

Count Six alleges a claim for destruction of property under state law by a Massachusetts citizen against a Massachusetts citizen. That claim is wholly distinct from the FDCPA claim. The FDCPA claim alleges that a lender and loan servicer failed to provide plaintiff with proper notices and a loss-mitigation option prior to foreclosing. By contrast, Count Six alleges that Cody damaged plaintiff's property by removing shrubbery. The only connection between the two claims is that Cody is the potential purchaser of the foreclosed property. That connection is nearly, if not wholly, irrelevant to the facts that would need to be proved to succeed on either claim. The discovery needed to investigate and prove each claim is entirely different, and the outcome of each has no bearing on the outcome of the other. Count Six would not ordinarily be tried in the same proceeding as the FDCPA claim, because it concerns distinct facts, distinct parties, and distinct legal theories. Therefore, the two claims do not form part of the same

constitutional case.

Accordingly, the Court declines to exercise jurisdiction over Count Six, which will be remanded to state court. Because summary judgment will be granted as to Count One, severance of Count Six prior to remand will not be necessary.

### A. Motion for Summary Judgment

#### 1. Standard of Review

The role of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Mesnick v. General Elec. Co.,* 950 F.2d 816, 822 (1st Cir. 1991) (quoting *Garside v. Osco Drug, Inc.,* 895 F.2d 46, 50 (1st Cir. 1990)). Summary judgment is appropriate when the moving party shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue is "one that must be decided at trial because the evidence, viewed in the light most flattering to the nonmovant, would permit a rational fact finder to resolve the issue in favor of either party." *Medina-Munoz v. R.J. Reynolds Tobacco Co.,* 896 F.2d 5, 8 (1st Cir. 1990) (citation omitted). In evaluating a summary judgment motion, the court indulges all reasonable inferences in favor of the nonmoving party. *See O'Connor v. Steeves,* 994 F.2d 905, 907 (1st Cir. 1993). When "a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986) (quotations omitted). The non-moving party may not simply "rest upon mere allegation or denials of his pleading," but instead must "present affirmative evidence." *Id.* at 256–57.

#### 2. Count One

Count One alleges a claim for wrongful foreclosure and seeks to set aside the foreclosure

sale on three grounds: (1) because U.S. Bank and Caliber failed to provide plaintiff with a right-to-cure notice as required by Mass. Gen. Laws ch. 244, § 35A; (2) because Caliber was not authorized to execute the recorded affidavit certifying compliance with Mass. Gen. Laws ch. 244, §§ 35B and 35C; (3) because there is "no evidence" that U.S. Bank is the holder of the promissory note.[2]

### a. Failure to Provide Notice

The complaint alleges that defendants failed to provide plaintiff with a right-to-cure notice required by Mass. Gen. Laws ch. 244, § 35A. Defendants have submitted uncontroverted evidence that a 150-day right-to-cure notice was sent by certified and first-class mail on January 30, 2015. (Mansi Aff. ¶ 14, Ex. F). At oral argument concerning this motion, counsel for plaintiff represented that the notice was never received. However, plaintiff has not submitted an affidavit, verified complaint, or other relevant evidence in opposition to defendants' motion for summary judgment. Counsel's unsupported statement does not constitute "affirmative evidence" sufficient to resist a motion for summary judgment. *See Anderson*, 477 U.S. at 257.

Accordingly, the motion for summary judgment will be granted with respect to the claim that defendants failed to provide a right-to-cure notice.

### b. Power of Attorney

The complaint further alleges that Caliber executed an affidavit pursuant to Mass. Gen. Laws ch. 244, §§ 35B and 35C without authority. Plaintiff contends that in executing the affidavit, Caliber was acting pursuant to a limited power of attorney "attached to the recorded

---

[2] In addition to the claims alleged in the complaint, plaintiff advanced additional claims in response to the motion for summary judgment and at oral argument concerning that motion, including claims that defendants have failed to show that the notice of sale was published and failed to produce evidence of the § 35B notice sent to plaintiff. The proper method for raising new allegations is by a motion to amend the complaint, not in response to a motion for summary judgment. That is particularly true where, as here, plaintiff has provided no evidence to substantiate any of the claims raised in the complaint or new claims raised in opposition to the motion for summary judgment. The Court will not, under the circumstances, consider those unpleaded claims.

8

affidavit." Although it is not entirely clear, it appears that plaintiff is referring to a limited power of attorney from Wells Fargo to Caliber attached to the complaint as "Exhibit E" ("Wells Fargo POA"). In addition to the Wells Fargo POA, Exhibit E to the complaint includes the affidavit executed by Caliber pursuant to Mass. Gen. Laws ch. 244, §§ 35B and 35C. If, as the complaint obliquely suggests, the Wells Fargo POA was attached to the recorded affidavit, it is not clear why. The affidavit states that Wells Fargo assigned its interest in the mortgage to U.S. Bank, so at the time the affidavit was recorded, Wells Fargo had no interest in the property. It also states that Caliber was acting on behalf of U.S. Bank—not Wells Fargo—as the loan servicer. Therefore, any power of attorney granted by Wells Fargo to Caliber is irrelevant to the affidavit.

In support of their motion for summary judgment, defendants have submitted a copy of a limited power of attorney from U.S. Bank to Caliber ("U.S. Bank POA") dated August 5, 2014, authorizing Caliber to "take any lawful means for recovery by legal process or otherwise." (Mansi Aff., Ex. A). The U.S. Bank POA, not the Wells Fargo POA, is the operative power of attorney concerning the §§ 35B and 35C affidavit. The U.S. Bank POA grants Caliber broad authority to take actions necessary to recover plaintiff's mortgage loan. That authority plainly encompasses the filing of the affidavit. Accordingly, the motion for summary judgment will be granted with respect to that claim.

### c. Possession of the Note

Finally, the complaint alleges that the foreclosure sale should be set aside because there is "no evidence" that U.S. Bank is the holder of the promissory note. Under *Eaton v. Federal National Mortgage Association,* 462 Mass. 569, 584–86 (2012), a mortgagee seeking to effect a valid foreclosure by sale under Mass. Gen. Laws ch. 244, § 14, must hold the underlying note or be an authorized agent of the note holder. U.S. Bank has provided uncontroverted evidence that

9

it has held the original note with an allonge, endorsed in blank, since at least August 25, 2015. Plaintiff did not submit evidence or argument in opposition to defendants' motion for summary judgment concerning the allegation that there is "no evidence" that U.S. Bank is the note-holder. Accordingly, the motion for summary judgment will be granted with respect to that claim.

### III. Conclusion

For the foregoing reasons, defendants' motion for summary judgment is GRANTED. This matter, which now consists only of Court Six, is hereby REMANDED to the Essex County Superior Court.

**So Ordered.**

Dated: April 25, 2017

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge