UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CINDY COLBERT CONRAD,<br><br>Plaintiff,<br><br>v.<br><br>CALIBER HOME LOANS, INC.;<br>U.S. BANK TRUST, N.A., as trustee for<br>LSF9 MASTER PARTICIPATION<br>TRUST; and JONATHAN CODY,<br><br>Defendants. | Civil Action No.<br>16-12524-FDS |

## ORDER ON MOTION FOR RECONSIDERATION

**SAYLOR, J.**

This is an action alleging unlawful foreclosure. On April 24, 2017, the Court granted summary judgment in favor of defendants Caliber Home Loans, Inc., and U.S. Bank Trust, N.A., as trustee for the LSF9 Master Participation Trust.

Pursuant to Fed. R. Civ. P. 59(e), plaintiff has moved for reconsideration of the Court's grant of summary judgment concerning the claim that defendants failed to send a right-to-cure notice as required by Mass. Gen. Laws ch. 244, § 35A. A motion for reconsideration will be granted only upon a showing of (1) a "manifest error of law," (2) new evidence, or (3) a misunderstanding or other error "not of reasoning but apprehension." *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 81–82 (1st Cir. 2008).

Plaintiff contends that the Court erred in relying on an affidavit authenticating the right-to-cure notice. The notice stated that it was mailed by the prior loan-servicer by certified and

first-class mail. (Mansi Aff. Ex. F). It was authenticated by an employee of the current loan-servicer who stated that he "ha[s] knowledge of the facts and circumstances herein and could, if called as a witness, testify competently to each of the facts based on [his] personal knowledge based on a review of the records and files." (*Id.* ¶ 2). Therefore, plaintiff has not shown that the Court committed any error, let alone a manifest error of law, in relying on the notice and the current servicer's authenticating affidavit.

Plaintiff further contends that the Court erred in failing to consider her affidavit appended to the complaint concerning the same claim. The memorandum and order on defendants' motion for summary judgment stated that "[d]efendants have submitted uncontroverted evidence that a 150-day right-to-cure notice was sent by certified and first-class mail on January 30, 2015." (Docket No. 37 at 8). It further stated that although counsel for plaintiff stated at oral argument that plaintiff never received the notice, there was no "affirmative evidence" on the record to support that statement. (*Id.*). In its motion for reconsideration, plaintiff, for the first time, identifies a sworn affidavit attached to the complaint in which she averred that "[t]o the best of [her] knowledge . . . [she] did not receive a Right to Cure notice." (Compl. Ex. H). Plaintiff did not refer to that affidavit in her opposition to the motion for summary judgment, and instead attached it as the last page of an otherwise-unrelated exhibit at the end of her 52-page complaint. By relying on statements of fact without citing to relevant supporting documentation, a court analyzing a motion for summary judgment is faced with a "daunting burden of seeking a needle in a haystack." *Morales v. A.C. Orssleff's EFTF*, 246 F.3d 32, 33 (1st Cir. 2001). The First Circuit has directed counsel to assist courts in avoiding that burden by "identify[ing] factual issues buttressed by record citations." *Id.* Here, plaintiff failed to do so.

Whether or not the court erred in failing to consider plaintiff's affidavit, its presence in

the record would not affect the outcome of the motion for summary judgment. The affidavit of plaintiff simply states that she failed to receive the notice; she does not contend that it was never mailed. Under Mass. Gen. Law. ch. 244, § 35A, a right-to-cure notice "shall be deemed to be delivered to the mortgagor . . . when sent by first class mail and certified mail . . . to the mortgagor." Pursuant to that statute, defendants need not prove that the letter was delivered; instead, it is sufficient to prove that it was mailed. Plaintiff therefore failed to show that the Court committed a manifest error of law.

Accordingly, the motion for reconsideration is DENIED.

**So Ordered.**

Dated: May 26, 2017

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge